Chancellor Rutlege
delivered the decree.
The single question in this case is, whether the deed of settlement of 30th June, 1796, is to be considered as fraudulent or not, with respect to defendant, to whom Peigne was indebted, previous to making the deed. From the records of the conveyance for the lots which Peigne settled in trust for 1ns wife, it appeal’s plainly that he was the absolute owner of the property, with regard to one lot (and which was the most valuable.) so long as Jan. 1792; and as to the other from April, 1794. That he exercised every act of ownership over it that a person could do, by leasing one lot and mortgaging another. And although he recorded the paper writing which he calls a settlement in July, 1793, he does not seem to have contemplated a settlement, until upwards of four years after the purchase of the first lot; more than two years after the purchase of the second lot; and not until after he had contracted the debt with the defendant, which are strong symptoms of a fraudulent intention. We lay no stress on the receipt being given for the money in her name: The bonds were her husbands, and the court must presume the money to have been his also. It appears from the testimony of one of complainant’s evidences, that she did not keep a store till 1794, so that the first l,ot which he purchased in 1792, could not have been bought with the mon,ey gained by her earnings. There *592 is no evidence of her being a sole dealer till he const!-tuted her one by deed (not that a deed is absolutely ne» cessary) but in the present case there has nothing come ou^ *n evidence to warrant a conclusion that she was. Another strong circumstance to induce a presumption that the settlement was made with a fraudulent intention is, that it constituted the whole of Pejgne’s property, amonnting, as complainant Snowden states, to upwards of 2000Z. for the purpose of securing to her so small a sum as 8000 florins, the value of which is not above 9701. or 280Z. Complainant in her bill has charged that her husband contracted that debt with defendant subsequent to the execution of the deed of trust. That charge has-been fully contradicted by defendant’s oath, by the evidence of his books, and by the testimony of one of his clerks.
Upon the whole of this case, the complainant does not stand in so fair a point of view as to entitle her to the relief prayed for. The injunction therefore must be dissolved and the bill dismissed, with costs.